UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
(Eastern Division)

_____

IN RE:      Case No.  18-35589

OMAR D. BIBBS

           Debtor.     Chapter 7

_____

77TH STREET DEPOT FEDERAL
CREDIT UNION,     **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (A) AND 11 U.S.C. Sec. 727(4)(A)**

           Plaintiff,

    v.

OMAR D. BIBBS,     A.P.  No. 19-ap-_____.

           Defendant.     Hon.  Judge TIMOTHY A. BARNES

_____

The Plaintiff, 77TH STREET DEPOT FEDERAL CREDIT UNION, by and through its attorney, and for its Complaint against the Defendant, avers and alleges as follows:

### I. Parties and Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Defendants filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on December 27, 2018.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of debts in this bankruptcy.

### II. Facts and Background

5. The Defendant, OMAR D. BIBBS, has two loans with 77TH STREET DEPOT FEDERAL CREDIT UNION.

6. On December 14, 2018 (thirteen days before filing for bankruptcy relief) the Defendant applied for and received a personal loan in the amount of $1,961.76. See Ex. A. The loan pledged the shares in the Defendant's account at 77th Street Depot Federal Credit Union in the amount of $190.00. The balance due on this loan is $1,799.11.

7. On August 3, 2018, the Defendant applied for and received a personal loan in the amount of $2,602.39. The loan was for the purpose of "moving." The Defendant has not moved. See Exhibit B. The loan is secured by shares in the Defendant's account at the 77th Street Depot Federal Credit Union. The balance due on this loan is $2,378.31.

8. The Defendant failed to schedule the Bank Account 77th Street Depot Federal Credit Union that secured the two loans. See Exhibit C.

9. The Defendant apparently sought bankruptcy counseling on January 24, **2018.** See Exhibit D.

10. The Defendants had $16,499.00 in Unsecured Debt at the time of filing for bankruptcy protection.

11. Given the Defendant's monthly income, monthly living expenses, and circumstances as set forth in his sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $4,564.15, the Defendant's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

### III. First Cause of Action under 11 USC Sec 523(a)(2)

12. Paragraphs 1 through 11 are hereby repeated and incorporated as if fully set forth herein.

13. Pursuant to the account agreements, the Defendant agreed to repay Plaintiff for the loans and that he had the ability to repay the amounts agreed to.

14. When the Defendant obtained the $4,564.15 in loan proceeds, the Defendant failed to disclose any creditors, other than rent, on his application.

15. The bankruptcy schedules reveal approximately $2,500.00 in student loan debt, a debt for a motor vehicle, and an additional $14,000.00 in unsecured debt.

16. The December loan application is attached as Exhibit G. The August Loan application is attached as Exhibit H.

17. The Plaintiff relied upon the Defendant's representations on his loan application and the loan itself.

18. The Plaintiff's reliance was reasonable.

19. The plaintiff relied on the defendant's misrepresentations to its detriment.
20. The Plaintiff suffered a financial loss.
21. Therefore, the Defendant obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $4,177.42 and for the above reasons, this indebtedness to Plaintiff, 77TH STREET DEPOT FEDERAL CREDIT UNION, is non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).
22. Plaintiff is entitled pursuant to the terms of the contract to recover attorney's fees.

### IV. Second cause of action pursuant to 11 USC Sec. 727(a)(4)(A)

23. Paragraphs 1 through 22 are hereby repeated and incorporated as if fully set forth herein.
24. Defendant's loans are both secured with his account at 77th Street Depot Federal Credit Union. Despite that, the account is not listed on the debtor's schedule of assets.
25. Pursuant to 11 USC Sec. 727(a)(4) provides that the Court shall not grant a discharge to a debtor who knowingly and fraudulently, in or in connection with the case made a false oath or account.
26. Failure to schedule the account is a false account in connection with the case.
27. Therefore, the court shall not grant the debtor a discharge.

### V. Prayer for Relief

**WHEREFORE,** Plaintiff, 77TH STREET DEPOT FEDERAL CREDIT UNION, respectfully prays that this Court:

A. Determine that the Defendant's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (A).
B. Grant judgment to the Plaintiff, 77TH STREET DEPOT FEDERAL CREDIT UNION, against the Defendant, OMAR D. BIBBS, in the amount of $5,985.05 plus the $350.00 Adversary Proceeding filing fee, for a total of $6,335.05, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action, including attorney's fees, as permitted by applicable law, and

C. Deny the defendant's discharge pursuant to 11 USC Sec. 727(a)(4); and

D. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:  February 8, 2019

                              77TH STREET DEPOT FEDERAL CREDIT UNION

                              By:  /s/ Amy A. Aronson
                                      Attorney for Plaintiff

Amy A. Aronson
Aronson & Walsh, P.C.
P.O. Box 5907
Vernon Hills, IL 60061
amyaronson@comcast.net
Phone: 847-247-1810
Attorneys for Plaintiff